1  Jennifer B. Siverts-McGrady  SBN 247060
   LAW OFFICES OF JENNIFER B. SIVERTS-MCGRADY
2  4455 Morena Blvd., Suite 213
   San Diego, CA 92117
3  858-272-5800
   Jennifer@jbsmlaw.com
4
   Nicole R. Gallagher  SBN 248770
5  LAW OFFICES OF NICOLE R. GALLAGHER
   3175 Cauby St. #311
6  San Diego, CA 92110
   619 519-3667
7  MsGallagherEsq@gmail.com

8

9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

11  ROELA CAROLINO, an individual,          )   Case No.:
                                            )   10 CV 0466    JM- BLM
12            Plaintiff,                     )
                                            )
13  v.                                      )   **COMPLAINT FOR DAMAGES**
                                            )   1. **Intentional Misrepresentation,**
14                                          )   2. **Fraudulent Concealment,**
    ONEWEST BANK DBA INDYMAC BANK, a        )   3. **Breach of Fiduciary Duty,**
15  corporation; MCMILLIN REALTY, a corporation; )  4. **Breach of Covenant of Good Faith and**
16  NDEX WEST, LLC as Trustee, a Limited Liability )      **Fair Dealing,**
    Company; DOE 1, a corporation; and DOES 2-10, )  5. **Violation of RESPA,**
17                                          )   6. **Unfair and Deceptive Acts and Practices,**
                                            )   7. **Violation of TILA,**
18            Defendants.                    )   8. **Declaratory Relief**
                                            )
19  _____

20                          **INTRODUCTION**

21      1.      Plaintiff became ensnared in a predatory loan of the kind addressed by the California

22  legislature in enacting emergency legislation to halt the economic down spiral caused by an influx of what

23  Federal Reserve Board Chairman Ben Bernanke terms "preventable foreclosures." [1]  Plaintiff seeks

24  redress.

25      2.      At all times hereinafter mentioned, Plaintiff was and still is a resident of 11423 Rose

26  Garden Court, San Diego, CA 92131.

27  ///

28  _____

---

[1] Ben S. Bernanke, March 4, 2008.  Full text available at www.federalreserve.gov/newsevents/speech/bernanke20080304a.htm



3.    Plaintiff is ignorant of the true names and capacities, whether individual, partners or corporate, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named defendants are responsible, individually and collectively, in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged are proximately caused by such occurrences. Plaintiff will amend this Complaint to add the true names of DOES 1 through 10 upon learning their actual identities.

4.    This is an action for damages brought by an individual consumer against Defendants for violations of the Truth in Lending Act, 15 U.S.C. §1639a; (TILA); Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A § § 2601 et seq; and The Unfair and Deceptive Acts and Practices Act, Business & Professions Code §17200 *et seq.*

5.    In California, agents and employees of ONEWEST BANK DBA INDYMAC BANK and MCMILLIN REALTY owe their clients a fiduciary duty. Among other things, agents and employees of these companies have an obligation to make full and accurate disclosures of the terms of a loan to the borrower, particularly those terms that are material to the borrower's decision. Agents and employees of ONEWEST BANK DBA INDYMAC BANK and MCMILLIN REALTY must also always act in the utmost of good faith toward the borrower and refrain from obtaining any advantage over the borrower.

6.    Additionally in California, agents and employees of NDEX WEST, LLC owe a duty to both the lender/servicer and borrower to act as a neutral third party and must act in the utmost of good faith toward both the lender/servicer and borrower and must refrain from favoring one party over the other.

## **VENUE**

7.    Venue in this District is proper in that the Plaintiff resides here, Defendants transact business here, and the conduct complained of occurred here.

/ / /

/ / /

/ / /

**PARTIES**

8.      Plaintiff at all times relevant, resided at 11423 Rose Garden Court, San Diego, CA 92131 (the "Plaintiff's Home").

9.      Defendant **ONEWEST BANK DBA INDYMAC BANK** ("ONE WEST") at all times relevant was a corporation doing business in Sacramento County, California and operating from an address at: 888 East Walnut Street, Pasadena, CA 91101.

10.     Defendant **MCMILLIN REALTY** ("MCMILLIAN") at all times relevant was a corporation doing business in San Diego County, California and operating from an address at: 2750 Womble Road, San Diego, CA 92106.

11.     Defendant **NDEX WEST, LLC** at all times relevant was a limited liability company doing business in San Diego County, California and operating from an address at: 15000 Surveyor Blvd, Suite 100, Addison TX 75001.

12.     On an unknown date defendant DOE 1 became the owner and beneficiary to Plaintiff's note, and at all times relevant was a corporation doing business in San Diego County.

13.     The true names and capacities, whether individual, corporate (including officers and directors thereof), associates or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, dual agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

/ / /

/ / /

/ / /

/ / /

/ / /

## FACTUAL ALLEGATIONS

### *Obtaining the Loan*

14.     Plaintiff ROELA CAROLINA purchased and moved into her home on or around March 2006.  Plaintiff currently lives in the residence with her husband Roman and their children Zachary, Hannah and both of Plaintiff's parents.

15.     Plaintiff is not well versed in and has no experience beyond basic financial matters.

16.     Plaintiff's income is generated through employment with the County of San Diego Sherriff's Department and her husband's income through his employment and business.

17.     On or around March 2006, Plaintiff took out a loan with ONE WEST; Plaintiff dealt with MCMILLIN as the agent of Defendant ONE WEST.

18.     Plaintiff relied on and placed trust and confidence in ONE WEST and REALTY expecting the Loan terms and documents to be honestly and accurately represented in the transaction.

19.     ONE WEST and MCMILLIN and/or their employees/agents failed to explain the risks and disadvantages of the Loan to the Plaintiff.

20.     Plaintiff was required to state her and her husband's income as part of the initial loan application process.

21.     Defendants advised Plaintiff that it would be more beneficial if she took out the loan in her name alone but included her husband's inflated income, thereby making it appear that Plaintiff had a substantially higher individual income than she really did; Defendants did this despite Plaintiff's requests that her husband's name and actual income to be included on the loan.

22.     Defendants ONE WEST and MCMILLIN made no request for proof of Plaintiff's income or her husband's.

23.     Defendants ONE WEST and MCMILLIN did not tell or show Plaintiff what amounts were eventually stated in respect to her and her husband's income on the loan application.

24.     Based on the foregoing and the ultimate loan received, Plaintiffs' debt to income ratio ended up being significantly above the recommended industry standard of 35%.

25.     Plaintiff is informed and believes that she would have been unable to qualify for the loan based on her actual income, although a loan was in-fact approved and given.

26.   Plaintiff is informed and believes that during the loan application process, either Defendant ONE WEST and/or MCMILLIN listed Plaintiff's and her husband's income to be well in excess of what their actual and stated income was.

27.   Plaintiff is informed and believes that Defendants ONE WEST and MCMILLIN approved Plaintiff through a low-documentation loan process using a "Stated Income" figure, that does not require verification, in order to use an inflated income on the application.

28.   Plaintiff is informed and believes that Defendants ONE WEST and MCMILLIN falsified Plaintiff's income for purposes of qualifying Plaintiff for the loan; Defendants knowingly, falsely, stated Plaintiff and her husband's combined income was more than they made.

29.   Plaintiff is informed and believes that Defendants' falsified Plaintiff's true income of $3,500 per month to $6000 per month on the initial loan application for the purpose of qualifying Plaintiff for the subject loan, despite Plaintiff informing Defendants that the income on the application was inflated.

30.   The provisions regarding interest rate, late charges, and pre-payment penalties were highly unfavorable to Plaintiff; ONE WEST and MCMILLIN and/or their employees/agents made no attempt to bring the Plaintiff's attention to these matters.

31.   Plaintiff is informed and believes that she could have qualified for a mortgage loan with better terms than offered by ONE WEST and MCMILLIN.

32.   On or about March 2006, Plaintiff signed and initialed documents in order to close the Loan transaction.

33.   ONE WEST and MCMILLIN and/or their employee/agent briefly explained and made representations about the LOAN to Plaintiff but did not give her time to properly read and review the documents she was signing.

34.   Plaintiff was informed that the documents must be signed and initialed immediately or the loan would not be approved.

35.   Plaintiff was rushed to sign and initial multiple documents to obtain the loan.

36.   Plaintiff is informed and believes that ONE WEST and MCMILLIN established and implemented the policy of acting against Plaintiff's best interests as alleged above.

1    37.    Plaintiff is informed and believes that ONE WEST and MCMILLIN established such

2    policy so as to profit, knowing that Plaintiff would be unable to perform future terms of the Loan.

3

4    *Plaintiff' Efforts to Obtain a Loan Modification*

5    38.    On a date unknown to Plaintiff, DOE 1 became the beneficiary of the LOAN and ONE

6    WEST began servicing the LOAN.

7    39.    ONE WEST had represented that it would help homeowners having financial difficulties by

8    modifying loans to benefit such homeowners.

9    40.    Plaintiff has contacted ONE WEST and requested a review of her account for options to

10   avoid foreclosure, specifically a loan modification on at least six occasions.

11   41.    ONE WEST has refused to offer a modification or any reasons for refusal despite Plaintiff's

12   repeated requests.

13   42.    ONE WEST has also failed to offer Plaintiff any options to avoid foreclosure whatsoever.

14   43.    Plaintiff and her authorized representatives have called ONE WEST to explain Plaintiff's

15   financial situation and that Plaintiff was in a predatory loan and could not afford the amortized monthly

16   payments.

17   44.    ONE WEST has continued to refuse to review Plaintiff's account for modification or to

18   offer options to avoid foreclosure, despite an immediate potential loss.

19   45.    Furthermore, Defendant ONE WEST through its agent Steven Delcapo signed a declaration

20   pursuant to California Civil Code Sec. 2923.5(b) on or about May 19, 2009 attesting that:

21         "The mortgagee, beneficiary or authorized agent has tried with due diligence to contact

22         the borrower to discuss the borrower's financial situation and to explore options for the

23         borrower to avoid foreclosure as required by Cal. Civ Code Section §2923.5.  Thirty days

24         or more have elapsed since these due diligence efforts were completed."

25   46.    Plaintiff does not know who Mr. Steven Delcapo is and has never been contacted by him or

26   any other agent of Defendant ONE WEST to explore options to avoid foreclosure.

27   / / /

28   / / /

1       47.   Plaintiff has on several occasions contacted ONE WEST on her own and through her

2   authorized agents to request exploration of options to avoid foreclosure, but Defendant ONE WEST has

3   consistently rejected Plaintiff's request.

4       48.   Plaintiff is informed and believes that ONE WEST has failed and continue to fail to act in

5   the best interest of all parties pursuant to the mandate of California Civil Code §2923.6 and 15 U.S.C.A

6   1693a.

7       49.   ONE WEST has refused to cooperate and have acted in bad faith in negotiating with

8   Plaintiff.

9       50.   ONE WEST recorded a Notice of Sale against Plaintiff's property on or about December

10  31st, 2009.

11      51.   It was not until Plaintiff hired her attorney and reviewed the forensic analysis that Plaintiff

12  became aware of the numerous violations in the application, approval and closing process, and of

13  Defendants numerous breaches.

14      52.   Immediately upon finding out of the above facts, Plaintiff filed the present suit.

15

16  **FIRST CLAIM FOR RELIEF**

17  **(Intentional Misrepresentation)**

18      53.   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

19      54.   Around March 2006, Plaintiffs refinanced their primary residence in San Diego County,

20  California, located at 11423 Rose Garden Court, San Diego, CA 92131.

21      55.   Plaintiff executed and delivered to Defendant a promissory note.

22      56.   Defendant MCMILLIAN completed the loan application for Plaintiff and inserted an

23  inflated income for Plaintiff, without disclosing said change to her.

24      57.   Based on the inflated income, Plaintiff was able to obtain a loan, though Defendant ONE

25  WEST ; MCMILLAN was clearly aware that such loan could not be afforded by Plaintiff.

26      58.   Plaintiff is informed and believes that she qualified for a prime low-cost loan, but was

27  instead sold a sub-prime loan at a very high cost.

28  / / /

59.     Further, during the loan application process, Defendant MCMILLIAN failed to inform Plaintiff of her rights to rescind, and failed to disclose numerous federal safeguards during the application process.

60.     After a review of Plaintiff's documents, Plaintiff learned of Defendant MCMILLIAN's numerous breaches: including but not limited to MCMILLIAN's misstatement of the APR and finance charges.

61.     Defendant MCMILLIAN did not provide two copies each of the signed Notice of Right to Cancel.

62.     Defendants ONE WEST and MCMILLIAN exhibited an unreasonable lack of due diligence in approving Plaintiff for the loan.

63.     Defendant MCMILLIAN intended to induce Plaintiff into obligating herself on a loan that MCMILLIAN knew or should have known would not be affordable to Plaintiff; thereby breaching its fiduciary duty to Plaintiff.

64.     During the loan transaction and to date, MCMILLIAN defrauded Plaintiffs by concealing or suppressing the following material facts from Plaintiffs:

    a.  Defendant MCMILLIAN falsely inflated Plaintiffs stated income on the loan application to qualify Plaintiffs for the loan;

    b.  based upon Plaintiffs' accurately stated income, Plaintiffs would not have qualified for the loan;

    c.  Defendant MCMILLIAN failed to properly assess Plaintiffs' ability to repay the loan;

    d.  Defendant MCMILLIAN put the Plaintiff into a loan where it was reasonably foreseeable that there was a high probability of default and failure;

    e.  Defendant MCMILLIAN was not maintaining Plaintiff's best interests nor trying to get Plaintiff the best loan available to her;

    f.  Defendant MCMILLIAN was financially motivated to put its own interests above Plaintiff's in that MCMILLIAN gets points and commissions based on high interest rates on the loan sold to Plaintiff and not in the long term viability of the loan; and

/ / /

  g. Defendant MCMILLIAN approved the loan based upon credit scores and the belief that the property would increase in value.

65. Defendant ONE WEST became aware of all the material misrepresentations upon receiving the deficient loan documents.

66. Defendant ONE WEST was on actual notice of the material misrepresentations as ONE WEST was the underwriter and approver of the loan.

67. Defendants MCMILLIAN and ONE WEST concealed or suppressed the above material facts with the intent to defraud and induce Plaintiffs to complete the loan transaction. At the time Plaintiffs completed the loan transaction, Plaintiffs were unaware of the concealed or suppressed facts and would not have completed the loan transaction had they known those facts.

68. In justifiable reliance upon said Defendants' conduct, Plaintiff was induced to complete the loan transaction. Plaintiff's reliance was foreseeable, reasonable and to her detriment and that of her family.

69. Plaintiff is are informed and believes, based thereon, alleges that as a legal result of said intentional misrepresentation by all Defendants; Plaintiff has suffered economic damages in an amount to be proven at trial.

70. Further, Plaintiffs is informed and believe and, based thereon, allege that as a legal result of said misrepresentations by Defendants, Plaintiffs have suffered general damages, including severe emotional distress, in an amount to be proven at trial.

71. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Said conduct by said Defendants was carried out in a despicable, deliberate, cold, callous and intentional manner, thereby entitling Plaintiff to recover punitive damages in an amount according to proof.

72. Pursuant to the provisions of CA Civil Code §1542, Plaintiff has not waived her claims stated in this Complaint, because due to Defendants fraudulent concealment and suppression of the above material facts, Plaintiff did not know about said claims or suspect said claims to exist at the time they signed the loan agreement.

/ / /

73.     As a proximate of Defendants' intentional misrepresentations, and pursuant to the provisions of CA Civil Code §1689(b)(1), Plaintiff is entitled to and hereby rescind the loan agreement, the note and the Trust Deed with Defendants, and any other agreement as applicable.  Plaintiffs intend that this Complaint be deemed a notice of said rescission when served on said Defendants.  Pursuant to said rescission and the provisions of CA Civil Code §§1691 and 1692, Plaintiff is willing and able and hereby offer to tender any and all amounts due to any of said Defendants, upon condition that said Defendants do likewise, as said amounts are determined in a judgment by this court.  As a result of said rescission, Plaintiff hereby demands that the Notice of Trustee's Sale be retracted, and Plaintiff alleges that the note and Trust Deed have been cancelled and are void and that Defendants, as applicable, no longer have any right to sell Plaintiff's home.  Also, Plaintiff demands that Defendants immediately forward a copy of this notice of rescission to any holder of the note and/or Trust Deed, so that said Defendants can make arrangements to purchase the note back from any assignees.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Concealment)

74.     Plaintiff repeats, realleges, and incorporates by reference all the foregoing paragraphs.

75.     Defendants MCMILLIAN and ONE WEST fraudulently concealed the true cost of the loan by providing false Truth in Lending documents and statements.

76.     Defendant MCMILLIAN failed to provide disclosures required by federal and state law, including disclosures required under RESPA and TILA.

77.     Defendant MCMILLIAN had a legal duty under federal and state law to make these aforementioned disclosures to the Plaintiff.

78.     Defendant WAMU had a fiduciary duty and legal duty under federal and state law to make these aforementioned disclosures to the Plaintiff.

79.     Defendants MCMILLIAN intended for Plaintiff to rely upon the concealments; MCMILLIAN produced the false documents and omitted disclosures required under federal and state law and Defendants MCMILLIAN and ONE WEST had knowledge the falsity of material omissions.

/ / /

1        80.    Plaintiff justifiably relied upon the documents and omissions by Defendant MCMILLIAN;

2   Plaintiffs' reliance was reasonable based on the massive lending expertise held by Defendants.

3        81.    Defendants MCMILLIAN and ONE WEST concealed or suppressed the above material

4   facts with the intent to defraud and induce Plaintiffs to complete the loan transaction.  At the time Plaintiffs

5   completed the loan  transaction, Plaintiff was unaware of the concealed or suppressed facts and would not

6   have completed the loan transaction had she known those facts.

7        82.    In justifiable reliance upon said Defendants' conduct, Plaintiff was induced to complete the

8   loan transaction.  Plaintiff's reliance was foreseeable, reasonable and to her detriment and that of her

9   family.

10       83.    Plaintiff is are informed and believes, based thereon, alleges that as a legal result of said

11  fraudulent concealment by all Defendants; Plaintiffs have suffered economic damages in an amount to be

12  proven at trial.

13       84.    Further, Plaintiff is informed and believe and, based thereon, allege that as a legal result of

14  said fraudulent concealment by Defendants, Plaintiff has suffered general damages, including severe

15  emotional distress, in an amount to be proven at trial.

16       85.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively,

17  with reckless disregard of Plaintiff's rights.  Said conduct by said Defendants was carried out in a

18  despicable, deliberate, cold, callous and intentional manner, thereby entitling Plaintiff to recover punitive

19  damages in an amount according to proof.

20       86.    Pursuant to the provisions of CA Civil Code §1542, Plaintiff has not waived her claims

21  stated in this Complaint, because due to Defendants fraudulent concealment and suppression of the above

22  material facts, Plaintiff did not know about said claims or suspect said claims to exist at the time they

23  signed the loan agreement.

24       87.    As a proximate of Defendants' intentional misrepresentations, and pursuant to the

25  provisions of CA Civil Code §1689(b)(1), Plaintiff is entitled to and hereby rescind the loan agreement, the

26  note and the Trust Deed with Defendants, and any other agreement as applicable.  Plaintiff intends that this

27  Complaint be deemed a notice of said rescission when served on said Defendants.  Pursuant to said

28  rescission and the provisions of CA Civil Code §§1691 and 1692, Plaintiff is willing and able and hereby

1   offer to tender any and all amounts due to any of said Defendants, upon condition that said Defendants do

2   likewise, as said amounts are determined in a judgment by this court.  As a result of said rescission,

3   Plaintiff hereby demands that the Notice of Trustee's Sale be retracted, and Plaintiff alleges that the note

4   and Trust Deed have been cancelled and are void; and that Defendants, as applicable, no longer have any

5   right to sell Plaintiff's home.  Also, Plaintiff demands that Defendants immediately forward a copy of this

6   notice of rescission to any holder of the note and/or Trust Deed, so that said Defendants can make

7   arrangements to purchase the note back from any assignees.

8

9                                  **THIRD CLAIM FOR RELIEF**

10                                  **(Breach of Fiduciary Duty)**

11         88.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

12         89.    Defendants MCMILLIAN and ONE WEST had fiduciary duties to Plaintiff to act in her

13   best interests to secure for them the best loan available to and not to engage in the fraudulent concealment

14   and suppression of material facts and the self-enrichment alleged in the foregoing First Claim for Relief.

15         90.    Defendants MCMILLIAN and ONE WEST owed to Plaintiff a fiduciary duty to make the

16   fullest disclosure of all material facts that might affect Plaintiff's interest in entering into the loan

17   transaction described above.

18         91.    Defendants MCMILLIAN and ONE WEST breached their fiduciary duties by the acts and

19   omissions alleged above.

20         92.    The Defendants' breaches of fiduciary duties were made with the intent to wrongfully

21   induce Plaintiff to become obligated on the Loan in reliance on the integrity of MCMILLIAN and ONE

22   WEST.

23         93.    By knowingly and intentionally engaging in the above-described fraudulent concealments

24   and self-serving conduct, not advising Plaintiff that she was being put into a loan that Defendants knew or

25   should have known Plaintiff could not afford; and by failing to disclose material terms that would alter

26   Plaintiff's loan repayment and ability to repay; Defendants MCMILLIAN and ONE WEST thereby

27   breached the fiduciary duties owed to Plaintiff.

28   / / /

94.     The aforementioned loan was sold to Defendant DOE 1, and said acts of Defendant MCMILLIAN and ONE WEST flow through to the current owner.

95.     Plaintiff is informed and believes and thereon alleges that as a legal result of Defendants' conduct, Plaintiffs have suffered economic damages.

96.     Plaintiff is informed and believes and thereon alleges that as a further legal result of Defendants' conduct, Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

97.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

98.     As a proximate result of Defendants' breach of fiduciary Plaintiff has suffered economic damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing)

99.     Plaintiff repeats, realleges, and incorporates by reference all the foregoing paragraphs.

100.    At all pertinent times, the agreements entered into between Plaintiffs and Defendants MCMILLIAN and ONE WEST contained an implicit covenant of good faith and fair dealing requiring Defendants to act honestly and in good faith in the performance and enforcement of the contract(s).

101.    The conduct of Defendants in purposefully omitting the principal of the Loan increases monthly and the total loan amount could amortize constitutes a breach of the covenant of good faith and fair dealing.

102.    The conduct of Defendants MCMILLIAN and ONE WEST in falsifying Plaintiff's stated income on the initial loan application constitutes a violation of the covenant of good faith and fair dealing.

103.    The conduct of Defendants MCMILLIAN and ONE WEST in steering Plaintiff away from having her husband's name on the loan, but including his income to approve her for a loan with a higher interest rate than she was qualified for constitutes a violation of the covenant of good faith and fair dealing.

104.   The aforementioned loan was sold to the current investor, Defendant DOE 1 and said acts of Defendants MCMILLIAN and ONE WEST flow through to the current owner.

105.   Plaintiff is informed and believes and thereon alleges that as a legal result of Defendants' conduct, Plaintiff has suffered economic damages in an amount to be proven at trial.

106.   Plaintiff is informed and believes and thereon alleges that as a further legal result of Defendants' conduct, Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

107.   Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

### (Violation of RESPA)

108.   Plaintiff repeats, realleges, and incorporates by reference all the foregoing paragraphs.

109.   In creating the loan Defendants have engaged in acts or practices in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A  §2601 et seq.

110.   Plaintiff is informed and believes and thereon alleges that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff, defendants violated the requirements of RESPA.

111.   Plaintiff is informed and believes and thereon alleges that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff, Defendants MCMILLIAN and ONE WEST violated the requirements of RESPA, 12 U.S.C.A. § 2607 by partaking in the following:

    a.   providing a person with a fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person; and

/ / /

b. providing a fee portion, split or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

112. Plaintiff is informed and believes and thereon alleges that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff, Defendants MCMILLIAN and ONE WEST violated the requirements of RESPA, 12 U.S.C.A. § 2608 by partaking in the following:

a. requiring, directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company.

113. Plaintiff is informed and believes and thereon alleges that in the course and conduct of servicing the loan to Plaintiff, Defendant ONE WEST violated the requirements of RESPA 12 U.S.C.A §2605 in the following:

a. Failure to notify the Plaintiff of assignment, sale or other transfer of the servicing of the loan.

114. Plaintiff is informed and believes and thereon alleges that as a result of the conduct of defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages.

## SIXTH CLAIM FOR RELIEF

### (Unlawful & Unfair Acts and Practices)

115. Plaintiff repeats, realleges, and incorporates by reference all the foregoing paragraphs.

116. Defendants' violations and tortious conduct, including but not limited to; Defendants ONEWEST, MCMILLIN, NDEX and DOE 1's refusal to negotiate in good faith, and violation of 15 U.S.C.A. §1639a and 47 U.S.C. §227(b)(1)(A)(iii) are unlawful, unfair or fraudulent business practices or acts under the Unfair Competition Law of Business and Professions Code §17200, *et seq.*

117. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

118.   Plaintiff is informed and believes and thereon alleges that, by reason of Defendants' fraudulent, deceptive, unfair and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair and fraudulent business practice, designed to deprive Plaintiffs of their equity in said property.

119.   By reason of the foregoing, Plaintiff has suffered and continue to suffer damages in a sum which is, as yet, unascertained.

120.   Plaintiff seeks to enjoin the pending foreclosure of her home.

121.   Defendants intend to conducted a trustee's sale of Plaintiff's home; upon any such sale Plaintiff will seek to cancel the foreclosure sale and obtain restitution of her home, including lost monies, and any civil penalties and other relief that the court deems appropriate.

## SEVENTH CLAIM FOR RELIEF

### (Violation of TILA)

122.   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

123.   Defendants failed to inform Plaintiff on a material term of the Loan that induced the Plaintiffs' acceptance of the terms…

124.   Plaintiff is informed and believes and thereon alleges that Defendants, in concert with their agents, have engaged in acts or practices in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, as amended, including, but not limited to, and TILA's implementing Regulation Z, 12 C.F.R. §226, as amended.

125.   Plaintiff is informed and believes and thereon alleges that Defendants are "creditors" as that term is defined in Section 103(f) of TILA, 15 U.S.C. § 1602(f), and Section 226.2(a)(17) of Regulation Z, 12 C.F.R. § 226.2(1)(17), and therefore is required to comply with applicable provisions of TILA, and Regulation Z.  The loan defendants made to Plaintiffs in this action was a HOEPA mortgage loan.

126.   Plaintiff is informed and believes and thereon alleges that in the course and conduct of offering and making the mortgage loan to Plaintiff, Defendants violated the requirements of Regulation Z by failing to make required disclosure in the following respects by:

   a.   failing to disclose in writing the following notice:

"You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan, in violation of Section 129(a)(1) of TILA, 15 U.S.C. § 1639(a)(1), and Section 226.32(c)(1) of Regulation Z, 12 C.F.R. § 226.32(C)(1)";

b. failing to disclose, or accurately disclose terms, including new disclosures when terms changed prior to consummation per 12 C.F.R. § 226.31 (c)(1)(i):

    i. the annual percentage rate, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(2) of Regulation Z, 12 C.F.R. § 226.32 (c)(2);

    ii. the regular payment amount and any balloon payment, in violation of 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32 (c)(5);

    iii. the amount borrowed, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32(c)(5);

c. failing to make the disclosures described in Paragraph 30(a) and (b) above clearly and conspicuously in writing at least three business days prior to consummation of a mortgage loan transaction, in violation of Section 129(b)(1) of TILA, 15 U.S.C. § 1639(b)(1), and Section 226.31(b) and (c)(1) of Regulation Z, 12 C.F.R. § 226.31(b) and (C)(1).

127. Plaintiff is informed and believes and thereon alleges that in the course and conduct of offering and making the mortgage loan to Plaintiff, Defendants violated the requirements of Regulation Z by using prohibited loan terms, in the following respects by:

a. including a prohibited "balloon payment" provision, in violation of Section 129(e) of TILA, 15 U.S.C. §1639(e), and Section 226.32(d)(1) of Regulation Z, 12 C.F.R. § 226.32 (D)(1); and

b. including a prohibited "increased interest rate" after default provision, in violation of Section 129(d) of TILA, 15 U.S.C. § 1639(d), and Section 226.32(d)(4) of Regulation Z, 12 C.F.R. § 226.32(d)94).

/ / /

/ / /

1   128.   Plaintiff is informed and believes and thereon alleges that in the course and conduct of

2   offering and making the mortgage loan to Plaintiff, Defendants violated the requirements of Regulation Z

3   prohibiting asset-based lending, by engaging in a pattern or practice of extending such credit to Plaintiff,

4   consumers, based on Plaintiff's collateral rather than considering Plaintiff's current and expected income,

5   current obligations, and employment status to determine whether the consumer is able to make the

6   scheduled payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h),

7   and Section 226.32(e)(1) of Regulation Z, 12 C.F.R. § 226.32(e)(1).

8   129.   Plaintiff has suffered, and will continue to suffer, substantial injury as a result of

9   Defendants' violations of TILA, as set forth above.

10   130.   Plaintiff is informed and believes and thereon alleges that as a result of the conduct of

11   Defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid,

12   including interest, finance charges and closing costs, offset these damages against amounts owing on the

13   loan, and collect statutory damages and attorney fees.

14

15   **EIGTH CLAIM FOR RELIEF**

16   **(For Declaratory Relief)**

17   131.   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

18   132.   Defendants contend that they had the right to foreclose on Plaintiff's Home, and conduct the

19   trustee's sale relative to that property.

20   133.   Plaintiff contends that Defendants did not have the right to foreclose on Plaintiff's Home

21   and conduct a trustee's sale relative to that property.

22   134.   An actual controversy presently exists between Plaintiff and Defendants as to the existence

23   of the ability or right to foreclose on Plaintiff's Home.  A judicial decision is necessary and appropriate at

24   this time so that Plaintiff and Defendants may ascertain their respective rights relative to Plaintiff's Home.

25   / / /

26   / / /

27   / / /

28   / / /

1  ALL FOR WHICH PLAINTIFF PRAYS AS FOLLOWS:

2  **On the First Claim for Relief for Intentional Misrepresentation:**

3     1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

4     2.  General damages in an amount in excess of $500,000, or to be proven at trial; and

5     3.  Punitive damages in an amount to be proven at trial.

6  **On the Second Claim for Relief for Fraudulent Concealment:**

7     1.  Compensatory damages in an amount in excess of $10,000,000.00, or to be proven at trial;

8     2.  General damages in an amount in excess of $10,000,000.00, or to be proven at trial; and

9     3.  Punitive damages in an amount to be proven at trial;

10  **On the Third Claim for Relief for Breach of Fiduciary Duty:**

11     1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

12     2.  General damages in an amount in excess of $500,000, or to be proven at trial; and

13     3.  Punitive damages in an amount to be proven at trial.

14  **On the Fourth Claim for Relief for Breach of Covenant of Good Faith and Fair Dealing:**

15     1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

16     2.  General damages in an amount in excess of $500,000, or to be proven at trial;

17     3.  Punitive damages in an amount to be proven at trial; and

18     4.  Interest according to law.

19  **On the Fifth Claim for Relief for Violation of RESPA:**

20     1.  Rescission;

21     2.  Damages;

22     3.  Costs; and

23     4.  Offset of amounts owing.

24  **On the Sixth Claim for Relief for Unlawful and Unfair Business Acts & Practices:**

25     1.  General damages in an amount to be proven at trial; and

26     2.  Special damages in an amount to be proven at trial.

27  / / /

28  / / /

**On the Seventh Claim for Violation of TILA:**

 1. Rescission;

 2. Damages; and

 3. Offset of amounts owing.

**On the Eighth Claim for Relief for Declaratory Relief:**

 **1.** For a declaration that no money is due defendants by Plaintiffs, and the trustee has no right to conduct the trustee's sale because no breach has occurred; and

 **2.** For a declaration that no tender is required based on the lack of attempt at loan modification by the Defendants.

**On all Claims for Relief:**

 1. Costs of suit;

 2. Attorneys fees; and

 3. Such other relief as the court deems just and proper.

The Law Offices of Nicole R. Gallagher

Dated: March 3, 2010

Nicole R. Gallagher
Email: MsGallagherEsq@gmail.com
Attorney for Plaintiff, ROELA CAROLINO

The Law Office of Jennifer Siverts-McGrady

Dated: March 3, 2010

Jennifer Siverts-McGrady
Email: Jennifer@JDSMlaw.com
Attorney for Plaintiff, ROELA CAROLINO

---

1

## DEMAND FOR JURY TRIAL

2

3       Please take notice that Plaintiffs demand trial by jury in this action.

4

5                                                   The Law Offices of Nicole R. Gallagher

6

7
        Dated: March 3, 2010
8                                                   Nicole R. Gallagher
                                                    Email: MsGallagherEsq@gmail.com
9                                                   Attorney for Plaintiff, ROELA CAROLINO

10

11

12                                                  The Law Office of Jennifer Siverts-McGrady

13

14

15      Dated: March 3, 2010

16                                                  Jennifer Siverts-McGrady
                                                    Email: Jennifer@JDSMlaw.com
17                                                  Attorney for Plaintiff, ROELA CAROLINO

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

I, <u>Roela Carolino,</u> the undersigned, certify and declare that I have read the foregoing

<u>COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL</u> and know its contents. I certify that

the same is true of my own knowledge, except as to those matters which are therein stated upon my

information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct. This verification was signed in the City of San Diego, California.


Dated: 2/23/10

ROELA CAROLINO

1

VERIFICATION

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ROELA CAROLINO, an individual

**DEFENDANTS**
ONEWEST BANK DBA INDYMAC BANK MCMILLIN REALTY, NDEX WEST, LLC, DOES 1-10

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   S. D. Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jennifer Siverts-McGrady, & Nicole R. Gallagher
4455 Morena Blvd. Suite 213, San Diego CA 92117 858 272-5800

Attorneys (If Known)
Unknown

'10 CV 0466   JM- BLM

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |

☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1601-1666j
Brief description of cause:
Intentional Misrepresentation, Fraudulent Concealment, Breach of Fiduciary Duty, Breach of Covenant

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   03/03/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 10767   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TB 03-03-10

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010767
Cashier ID: mbain
Transaction Date: 03/03/2010
Payer Name: LAW OFFICE OF JENNIFER SIVERTS
-----------------------------------
CIVIL FILING FEE
 For: CAROLINO V ONEWEST BANK
 Case/Party: D-CAS-3-10-CV-000466-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1263
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```